[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14857
Non-Argument Calendar
_____

Docket No. 1:11-cv-03163-AT

TONY SPEIGHT,
FELICE CUNNINGHAM,
Individually and as Parents and
Natural Guardians of D.M.C., a Minor,

                                Plaintiffs - Appellees,

versus

BENJAMIN W. GRIGGS,
Corporal,

                                Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 2, 2014)

Before HULL, MARCUS, and EDMONDSON, Circuit Judges.

PER CURIAM:

In this interlocutory appeal, Defendant Corporal Benjamin W. Griggs, an officer with the Fulton County Police Department ("FCPD"), challenges the district court's partial denial of his motion for summary judgment. Corporal Griggs contends that he is entitled to official immunity under Georgia law from Plaintiffs' state law claims. Reversible error has been shown; we vacate the judgment, reverse and remand the case.

Briefly stated, this case arises from Corporal Griggs's accidental shooting of Plaintiffs' teenage son, D.M.C. On the night of the shooting, D.M.C. was riding as a passenger in a stolen vehicle driven by his friend, Darden. Darden and D.M.C. stopped at a gas station; and an officer, having identified the vehicle as stolen, approached the car. While the officer was distracted, D.M.C. ran away from the scene and into a wooded area. When the officer attempted to detain Darden, Darden resisted physically the officer's attempts to handcuff him; a struggle ensued. Then, Darden also ran into the wooded area.

Several officers responded to the scene shortly thereafter, including Corporal Griggs. Corporal Griggs and two other officers entered the wooded area where both Darden and D.M.C. had run. Using a search dog, the officers located D.M.C. and ordered D.M.C. to get on the ground. Because it was dark, Corporal Griggs illuminated the scene using the tactical light on his gun. After D.M.C. dropped only to one knee, Corporal Griggs push-kicked D.M.C. to the ground. Corporal Griggs says he then intended to holster his gun, kneel on D.M.C. and handcuff him. But, as Corporal Griggs approached D.M.C., while attempting to holster his gun and pull out handcuffs, the gun went off. The bullet struck D.M.C. in the hand and the back of the head. D.M.C. survived, but suffered extensive injuries as a result.

Plaintiffs, D.M.C.'s mother and father, filed this civil action against Corporal Griggs and Fulton County, Georgia. Plaintiffs' amended complaint asserted (1) a Fourth Amendment claim against Corporal Griggs for unlawful use of excessive and deadly force; (2) a federal constitutional claim against Fulton County for defective customs and policies and failure to train; and (3) state law claims against Corporal Griggs for negligence and battery.

The district court granted summary judgment in favor of Corporal Griggs and Fulton County on Plaintiffs' federal constitutional claims, but denied summary

3

judgment to Corporal Griggs on Plaintiffs' state law claims, concluding that a genuine issue of material fact existed about whether Corporal Griggs was performing a ministerial or a discretionary act when he shot D.M.C.

We review a district court's denial of summary judgment based on official immunity de novo. Hoyt v. Cooks, 672 F.3d 972, 981 (11th Cir. 2012). Because official immunity entitles a public official to immunity both from liability and from the risks of trial, issues of immunity must be resolved "as early as possible in the legal proceedings." See Cameron v. Lang, 549 S.E.2d 341, 344-45 (Ga. 2001). When deciding issues of state law, "we are bound to decide the case the way it appears the state's highest court would." Royal Ins. Co. of Am. v. Whitaker Contr. Corp., 242 F.3d 1035, 1040 (11th Cir. 2001).

Under Georgia law, county law enforcement officers are entitled to official immunity from suit and liability unless they "negligently perform a ministerial act or act with actual malice or an intent to injure when performing a discretionary act." Roper v. Greenway, 751 S.E.2d 351, 352 (Ga. 2013); see also Ga. Const. art. I, § II, par. IX(d).

Whether an official's act is ministerial or discretionary is determined based on the facts of each case. Grammens v. Dollar, 697 S.E.2d 775, 777 (Ga. 2010). Georgia courts define a "ministerial act" as "commonly one that is simple,

4

absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty." Id. "A discretionary act, however, calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed." Id.

Plaintiffs argue that, although Corporal Griggs was performing a discretionary act when he attempted to arrest D.M.C., he had a "simple, absolute and definite duty" -- imposed by an established FCPD policy -- to keep his finger off the trigger unless he intended to shoot. As a result, Plaintiffs contend that Corporal Griggs was engaged in a ministerial act when he negligently put his finger on the trigger and, thus, is unentitled to official immunity.

Given the undisputed facts and as a matter of law, we reject Plaintiffs' argument for two reasons. First, the FCPD policy at issue in this appeal did not impose a ministerial duty on Corporal Griggs. Under Georgia law, for an established policy to impose a ministerial duty on the part of an official, it "must mandate simple, absolute, and definite action and require the execution of a specific task without any exercise of discretion." Grammens, 697 S.E.2d at 777-78; see also Roper, 751 S.E.2d at 353 ("Procedures or instructions adequate to cause an act to become merely ministerial must be so clear, definite and certain as

5

merely to require the execution of a relatively simple, specific duty."). "Where the . . . policy requires the public official to exercise discretion in the implementation of the . . . policy, the policy does not require the performance of a ministerial duty." Grammens, 697 S.E.2d at 778. In Grammens, the Supreme Court of Georgia concluded that a school policy requiring the use of eye protection while using "explosive materials" imposed no ministerial duty on a teacher, because the policy did not define the term "explosive materials" and, thus, required the teacher to use her discretion in determining whether the eye-protection policy applied to a given situation.

  Here, the FCPD says it had an established policy "prohibiting officers from placing their fingers inside the trigger guard of their firearms <u>unless they reasonably believe</u> their life is in danger or that they will suffer serious bodily injury." (emphasis added). In other words, the policy requires an officer to keep his finger off the trigger "<u>unless he intends</u> on using deadly force." (emphasis added). By its very nature, the FCPD policy requires an officer to weigh various circumstances and to use his personal judgment and experience to determine whether the policy is applicable. So, the policy imposes no ministerial duty on FCPD officers.

Second and besides, even though Corporal Griggs admittedly violated an established FCPD policy, the Supreme Court of Georgia has rejected expressly the argument that an officer's failure to comply with state law or department policy while engaged in an otherwise discretionary act converts the officer's conduct into a ministerial act for purposes of official immunity. See Phillips v. Hanse, 637 S.E.2d 11, 12 (Ga. 2006) (affirming summary judgment based on official immunity because officer had discretion to engage in high-speed chase, and the officer's violations of several provisions of the police manual during the chase did not turn his discretionary act into a ministerial one); Cameron, 549 S.E.2d at 345-46 (officer entitled to summary judgment based on official immunity because his failure to activate his lights and siren, in violation of state law, did not transform his discretionary decision to engage in a high-speed chase into a ministerial act); Logue v. Wright, 392 S.E.2d 235, 237 (Ga. 1990) (officer responding to emergency was entitled to summary judgment based on official immunity even though he acted negligently by failing to activate his light and siren, in violation of state law). In Logue, the Supreme Court of Georgia reasoned that, although the officer had no discretion to violate the law (and, thus, acted negligently in doing so), official immunity protects officers "who perform discretionary acts in a

negligent manner." 392 S.E.2d at 237. To say otherwise "would render the rule meaningless." Id.

In the light of the established precedent of the Supreme Court of Georgia, we conclude that Corporal Griggs is entitled to official immunity. At the time of the shooting, Corporal Griggs was engaged in the discretionary act of arresting D.M.C. See Touchton v. Bramble, 643 S.E.2d 541, 545 (Ga. Ct. App. 2007) ("Under Georgia law, an officer's decision to effectuate a warrantless arrest generally is a discretionary act . . . ."). That Corporal Griggs, in violation of FCPD policy, placed his finger inside the trigger guard of his gun when he had no intention of shooting D.M.C. did not render his otherwise discretionary act ministerial. Instead, the fact that Corporal Griggs violated FCPD policy is pertinent only to a determination of whether he performed a discretionary act negligently or with actual malice. See Phillips, 637 S.E.2d at 12; Roper, 751 S.E.2d at 354.

Because Corporal Griggs, as a matter of law, was engaged in a discretionary act at the time of the shooting and because the district court has already determined that nothing evidenced that Corporal Griggs acted with actual malice or intent to injure D.M.C., Corporate Griggs is entitled to official immunity on Plaintiffs' state

law claims. We vacate the district court's denial of summary judgment, reverse and remand.

    VACATED; REVERSED AND REMANDED.

Case: 13-14857   Date Filed: 09/02/2014   Page: 1 of 1

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 02, 2014

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 13-14857-EE
Case Style: Tony Speight, et al v. Benjamin Griggs
District Court Docket No: 1:11-cv-03163-AT

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

Pursuant to Fed.R.App.P. 39, costs taxed against the appellees.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Lois Tunstall, EE at (404) 335-6224.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs